IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                                         Criminal No. **3:22CR176**

**JATON DELMONT CARTER,**

    Petitioner.

**MEMORANDUM OPINION**

Jaton Delmont Carter, a former federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 49). The government has filed a response asserting that the § 2255 Motion is untimely and that his claims otherwise lack merit. (ECF No. 54.) Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Carter has filed no reply. Accordingly, the § 2255 Motion (ECF No. 49) will be DENIED as untimely.

**I.     PROCEDURAL HISTORY**

On December 6, 2022, a grand jury charged Carter with one count of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1). (ECF No. 1, at 1.)[1] On February 8, 2023, Carter entered an oral guilty plea. (*See* ECF No. 15, at 1.) Prior to his sentencing, Carter filed a Motion to Withdraw Plea Due to Legal Innocence, in which Carter argued that "his conviction [was] barred by the Second Amendment to the U.S Constitution and that his right to possess a firearm [was] protected." (ECF No. 32, at 2.) The Court rejected that argument and on

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in quotations from the parties' submissions.

June 14, 2023, sentenced Carter to 37 months of incarceration. (ECF Nos. 34, 35.)[2] Carter did not file an appeal.

On August 6, 2024, Carter filed his § 2255 Motion. (ECF No. 49, at 13.)[3] In his § 2255 Motion, Carter raises the following claims:

> Claim One: "Second Amendment Violation. I was charged [and] convicted for violating a[n] unconstitutional statute in violation of my constitutional right to keep [and] bear arms for protection [and] self-defense, a right that is not to be infringed [and] my right was infringed." (*Id.* at 5.)
>
> Claim Two: "Ineffective assistance of counsel. My lawyer failed to help me assert [and] claim my constitutional rights [and] his actions led to a prejudice in my defense." (*Id.* at 6.)

## II.   STATUTE OF LIMITATIONS ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)**   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)**   the date on which the judgment of conviction becomes final;
> **(2)**   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)**   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The Court later reduced Carter's sentence to 30 months. (ECF No. 47.) Carter was released from Bureau of Prisons custody on January 6, 2025, and is serving his term of supervised release.

[3] This is the date that Carter indicates that he placed his § 2255 Motion in the prison mailing system. (ECF No. 49, at 13.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

>   **(4)**   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Carter did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, June 28, 2023. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Hence, Carter had until Friday, June 28, 2024, to file any motion under 28 U.S.C. § 2255. Because Carter did not file his § 2255 Motion until August 6, 2024, more than a month after the expiration of the limitation period, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Thus, Carter's § 2255 Motion is untimely unless he demonstrates a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or some equitable basis for avoiding the limitation period. Carter has failed to do.

First, Carter does not suggest, and the record does not demonstrate, that Carter is entitled to a belated commencement.[4] At most, Carter contends that "due to continuance of lockdown here at FCI Beckley it's been very difficult to prepare [and] properly research the legal issues regarding my post-conviction remedies." (ECF No. 49, at 12.) The Court construes Carter to argue that he is entitled to an equitable tolling of the limitation period.

---

[4] Carter's Second Amendment argument derives from *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022), a case decided on June 22, 2022. To the extent that Carter could be construed to argue that he may be entitled to a belated commencement for his claims pursuant to 28 U.S.C. § 2255(f)(3), that argument is unpersuasive because *Bruen* was decided a year before his sentencing and he availed himself of that argument during his criminal proceedings.

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (10th Cir. 2008) (emphasis added).

Carter contends that he was unable to pursue his § 2255 Motion because of a lockdown at his institution. However, Carter fails to demonstrate that this circumstance constitutes an extraordinary circumstance that prevented him from filing his § 2255 Motion in a timely manner. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999)). Carter ignores the fact that "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" that would warrant equitable tolling. *Allen v. Johnson*, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Moreover, Carter fails to adequately

4

explain why lack of access to legal materials hindered his ability to bring his present claim sooner. Carter fails to specify the legal materials that he required to complete his § 2255 Motion. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (holding that an inmate must "explain why the documents [in question] were necessary to pursue his federal claim" (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000))). Thus, Carter's allegations are too vague and lacking in factual detail to entitle him to equitable tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (citations omitted) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling.")

Instead, the record shows that Carter's lack of diligence, not the circumstances of his incarceration, led to the delay in filing his § 2255 Motion. Carter fails to identify with the requisite specificity what actions, if any, he took to pursue his claims in the days after his conviction became final. As a preliminary matter, Carter hardly needed to research the issues he raised in his § 2255 Motion because counsel raised the Second Amendment claim in a written brief prior to his sentencing. Thus, the facts and legal arguments behind Carter's claims were available to him prior to his conviction becoming final. With respect to his argument that a lockdown prevented him from timely filing his motion, Carter fails to allege any details about the lockdown including its length or how it really affected his ability to pursue a § 2255 motion. The Court fails to discern how he could not draft his § 2255 Motion within the one-year limitation period even with a lockdown. Simply put, an inmate acting diligently could have filed his § 2255 Motion notwithstanding his vague allegations of a lockdown.

In sum, Carter has failed to carry his "burden to show specific facts" that demonstrate his entitlement to equitable tolling. *Yang*, 525 F.3d at 928 (citation omitted). "Simply put, [Carter] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented

5

him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Accordingly, the § 2255 Motion (ECF No. 49) is barred by the statute of limitations and will be DENIED.

## IV. CONCLUSION

The § 2255 Motion (ECF No. 49) will be DENIED. A certificate of appealability will be DENIED. The action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 29 September 2025
Richmond, Virginia